Lenahan & Dempsey, P.C.
By: John R. Lenahan, Jr., Esquire
I.D. No. 22690
Lenahan & Dempsey Professional Building
Suite 400
116 North Washington Avenue
P.O. Box 234
Scranton, Pennsylvania 18501-0234
(570) 346-2097 Telephone
(570) 346-1174 Facsimile
E-mail: jrl@lenahandempsey.com

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA BURKE and<br>EDWARD BURKE, her husband<br>4301 Arlington Bridge Boulevard<br>Leesburg, FL 34748<br><br>    Plaintiffs<br><br>v.<br><br>PANORAMA, INC.<br>1124 State Route 2023<br>Clifford Township, PA 18421<br><br>    Defendant | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. |

### PLAINTIFFS' COMPLAINT

NOW COME the plaintiffs Virginia Burke and her husband Edward Burke by and through their counsel Lenahan & Dempsey, P.C. by John R. Lenahan, Jr., Esquire and set forth the following:

1. The plaintiff Virginia Burke is an adult, competent individual born January 1, 1948 who resides at 4301 Arlington Bridge Boulevard, Leesburg, Florida 34748.

2. The plaintiff Edward Burke is an adult, competent individual born November 18, 1960 who also resides at 4301 Arlington Bridge Boulevard, Leesburg, Florida 34748.

3. The defendant Panorama Inc., upon information and belief, is a Pennsylvania corporation with a principal place of business in Clifford Township, Susquehanna County as well as a business address at 1124 State Route 2023, Clifford Township, Pennsylvania 18421.

4. At all times material hereto, the defendant Panorama, Inc., upon information and belief, was an active corporation and/or other business entity routinely, regularly and continuously conducting business in Susquehanna County, Pennsylvania and operating and maintaining a pro shop, banquet and event facilities, a bar and grill and a golf course open to the general public with a place of business located at 1124 State Route 2023, Clifford Township, Pennsylvania 18421.

5. At all times material hereto, the defendant Panorama, Inc. was the legal owner of the property at 1124 State Route 2023, Clifford Township, Susquehanna County, Pennsylvania 18421 including the aforesaid golf course thereon.

6. The jurisdiction of this Court is invoked to 28 U.S.C. § 1332, Diversity of Citizenship, as the plaintiffs at all times material to this Complaint have resided in and were and are citizens of Florida and the defendant is a citizen of and has a principal places of business in a state other than Florida. Specifically, the defendant Panorama, Inc. is a citizen of Pennsylvania. Also, pursuant to 28 U.S.C. § 1332, the amount in controversy and the value of the plaintiffs' personal injury claims herein are in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, as required for diversity jurisdiction. Moreover, the instant cause of action accrued and the plaintiff Virginia Burke's injuries occurred within the Middle District of Pennsylvania (in Susquehanna County) and accordingly, venue over this cause of action properly lies within the District Court for the Middle District of Pennsylvania.

7. At all times material hereto, the defendant Panorama, Inc. was the owner, controller, maintainer, manager, operator and/or keeper of the said golf course at 1124 State Route 2023, Clifford Township, Pennsylvania 18421 and had an accompanying and legal duty individually and/or by and through its agents, servants and/or employees to own, control, maintain, manage, inspect, operate and/or see to the proper and safe upkeep of the said golf course premises.

8. At all times material hereto, the defendant Panorama, Inc. knew or should have known that the conditions of the subject premises and specifically the golf course's grounds at 1124 State Route 2023, Clifford Township, Pennsylvania 18421 were dangerous, unsafe, improperly inspected and maintained and prone to cause bodily harm, specifically with regard to the areas in and around the golf cart path and the surrounding areas located at or around the 15th hole of the subject golf course, as more specifically set forth herein.

9. Prior to the subject July 20, 2018 motorized golf cart incident and the plaintiff Virginia Burke's resulting injuries as described hereinafter the defendant Panorama, Inc., upon information and belief, knew of or should have known of the subject golf course's dangerous, unsafe, poorly constructed and/or uninspected conditions and failed to address and/or remedy the said conditions, despite such knowledge or ability to gain such knowledge.

10. Prior to the said motorized golf cart incident and the plaintiff's resulting injuries, the defendant Panorama, Inc. also should have known of the subject golf course's dangerous, unsafe, poorly constructed and/or uninspected conditions and should have taken prompt and reasonable steps to correct the said conditions, but clearly failed to do so.

11. The defendant Panorama, Inc. did not warn the plaintiffs in any manner or at any time prior to or during their lawful entry onto the subject premises at the address listed herein that said premises had dangerous, unsafe and/or uninspected conditions prone to cause bodily harm to foreseeable business invitees such as the plaintiffs.

12. At all times material hereto, the defendant Panorama, Inc. was legally responsible to maintain, control, manage, inspect and/or operate the subject golf course, the said place of business located at 1124 State Route 2023, Clifford Township, Pennsylvania 18421.

13. At all times material hereto, the defendant Panorama, Inc. was legally responsible to maintain, control, manage, inspect and/or operate the subject property, as well as any and all property, walkways, golf cart paths, adjacent and nearby areas, parking lots, premises, buildings, structures and/or any and all other pathways and associated areas.

14. As the business owner, manager and/or operator and as the land, property, premises, structure and building owner as above stated, the defendant Panorama, Inc. had and was subject to all existing and corresponding legal duties and responsibilities with regard to the relevant golf course areas applicable under the full extent of Pennsylvania law.

15. At all times material hereto, the defendant named herein was responsible by law for the safety, condition, upkeep, usage, care, maintenance, inspection, repair, control and integrity of the subject premises at the address listed herein above including any and all property, walkways, golf cart paths, adjacent and nearby areas, parking lots, structures, buildings and/or all other pathways thereon.

16. At all times material hereto, the subject business premises at the said location contained golf cart paths and related and nearby areas for use by customers, premises entrants and business invitees of the golf course in order for customers, entrants and such invitees to travel via motorized golf cart to and from various locations within the said premises so as to gain ingress, egress, regress, access and/or advance through and around the subject 7,256-yard golf course's 18 holes, to and from various locations throughout and around the premises including but not limited to teeing grounds, fairways, roughs, putting greens, hazards including bunkers, water hazards and central ponds and pathways.

17. Said golf cart paths, including the portions material hereto, were located within the defendant's premises, were part of the defendant's premises to be owned, operated, inspected and/or maintained by the defendant, were subject to the control and right of control of the defendant and, as such, the defendant was legally responsible for the safety, state, condition, upkeep, usage, care,

maintenance, inspection, repair, control and structural integrity of the said golf cart paths and nearby, related areas.

18. At all times material hereto, and specifically on or around the July 20, 2018 date of loss, the plaintiffs lawfully entered the named defendant's subject business premises at the address stated herein above as business invitees and the plaintiff Virginia Burke, as such, was a business invitee while traversing the subject portions of the golf cart path areas on the defendant's premises, thereby entitling her as well as her husband Edward Burke to any and all rights, remedies, benefits and protections afforded by Pennsylvania law from the defendant, including an expectation of the reliance on appropriate safety conditions on the subject premises and on the golf cart path areas thereon.

19. On or around July 20, 2018, the plaintiff Virginia Burke suffered severe, permanent, agonizing and disabling injuries on the defendant's premises, with said injuries resulting from dangerous, defective and unmaintained conditions on the said golf course and within the defendant's premises, specifically with regard to the areas in and around the golf cart path at the 15th hole of the subject golf course.

20. While operating a motorized golf cart—said cart owned, provided and maintained by Panorama, Inc.—in a reasonable manner and rate of speed and while traveling on the portion of the defendant's golf cart path in the vicinity of the 15th hole of the subject golf course, the plaintiff Virginia Burke was forced to and required to to swerve to avoid unsafe potholes and/or ruts located within and on the said golf cart path and was consequently forced/required to maneuver the golf cart to the outer edge areas of the golf cart path, whereupon she suddenly and without warning encountered and forcibly struck a large and solid tree stump in her path, the said tree stump unsafely abutting the golf cart path and improperly obscured by tall, thick, dense, overgrown and unmaintained foliage and vegetation.

21. The plaintiff Virginia Burke's motorized golf cart subsequently contacted the obscured tree stump, whereupon she was forcibly jerked, twisted and/or wrenched, causing her left arm to move awkwardly and be jerked or wrenched, twisting and snapping her left hand and left lower arm areas. The plaintiff heard and felt bones breaking and watched as her left hand, wrist and/or arm areas became visibly deformed and bled.

22. The impact of the motorized golf cart's colliding with the abutting and obscured tree stump caused the plaintiff Virginia Burke to forcibly twist and/or wrench her left upper extremity, whereby she suffered multiple, severe fractures and compound fractures, with fractured bones protruding from and through her skin, causing severe and ongoing pain and associated symptoms.

23. Further substantially and materially contributing to and/or causing the plaintiff's collision and resulting injuries was the indistinct and/or nonexistent delineation between the golf cart path and the adjacent and abutting land areas to which the plaintiff was forced to maneuver the motorized golf cart in order to avoid the aforesaid potholes and ruts directly within the golf cart path within and upon which she was traveling.

24. At all times material hereto, the plaintiff operated the motorized golf cart safely, traveled suitably along the golf cart path and remained specifically focused on, and mindful of, the operation when she encountered the potholed, rutted and/or unmaintained state of the material portion of the defendant's golf cart path. The plaintiff was not herself negligent or careless on the date of loss such that any conduct or failure to act on her own behalf caused or contributed to the above-described crash and resulting injuries.

25. Immediately after the injury, the plaintiff Edward Burke rushed to his severely injured wife and took her to the restaurant area of the Panorama Golf Course, where the plaintiffs reported the

aforesaid events and injuries to the defendant; the defendant then requested the specific site and location on the defendant's premises where Mrs. Burke's injuries occurred.

26. The injured plaintiff was transported by ambulance to Geisinger Community Medical Center where she was hospitalized, during which time she underwent surgery on her left upper extremity to stabilize fractures by reduction and fixation due to her unstable open fractures with implantation of a plate and screws.

27. The plaintiff subsequently was casted and later was placed in an immobilizing splint and will further require specialized medical care on a protracted basis including but not limited to office visits, physical therapy, diagnostic studies, ongoing tests and examinations and pain-killing medications.

28. Prior to the subject injury, the plaintiff was a golfer with reliable experience operating motorized golf carts.

## COUNT ONE—NEGLIGENCE

### Plaintiff Virginia Burke v. Defendant Panorama, Inc.

29. The plaintiff Virginia Burke incorporates by reference the allegations contained within the preceding paragraphs of this Complaint as if the same were set forth herein at length.

30. At the aforementioned time and place, the defendant Panorama, Inc. individually and/or by and through agents, servants, supervisors, operators, managers and/or employees maintained the aforementioned premises—including the portion of the golf cart path and areas nearby and adjacent thereto where the plaintiff suffered her injuries—in a careless manner whereby the premises' conditions caused a serious and threatening safety hazard because of the golf cart path's potholes and ruts and the accumulation of thick, dense, tall and heavy vegetation or foliage which obscured the above-referenced tree stump and entirely precluded the plaintiff from discovering, discerning, realizing, anticipating

and/or knowing of the undiscernible and undiscoverable risk of severe bodily harm that the defendant's premises posed.

31. At the aforesaid time and place, the named defendant individually and/or by and through any and all agents, servants, supervisors, operators, managers and/or employees carelessly disregarded its duty to control, maintain, manage, inspect, operate and/or keep its premises in a reasonably safe condition for persons and especially business invitees lawfully thereon by negligently failing to clean, clear, trim, cut, smooth, prune, crop, mow, shorten and/or otherwise remove foliage, vegetation and/or debris from the aforementioned portions of its golf cart path and adjacent/surrounding areas thereby allowing and causing the unreasonably dangerous accumulation of dense, thick and tall foliage or vegetation and thereby creating the unsafe conditions that directly and proximately caused the plaintiff's injuries in conjunction with and in addition to the aforesaid potholes and ruts on the golf cart path itself.

32. In so doing, as stated herein above, the defendant Panorama, Inc. tortiously engaged in or was involved in careless and negligent acts and/or omissions as follows:

a.) Improperly operated, managed, supervised, maintained, inspected, kept and/or controlled the subject premises by failing to properly and safely maintain the relevant portions of the golf cart path located on and within the subject golf course premises;

b.) Failed to remove, clean, clear, trim, cut, prune, crop, mow and/or shorten foliage, vegetation and/or debris from the relevant portions of the aforementioned golf cart path areas for an unreasonable period of time;

c.) Failed to warn the plaintiffs and any and all similarly situated business invitees lawfully present on said premises of its dangerous conditions, given that the defendant knew or should have known through the exercise of ordinary and reasonable care that its premises posed an unreasonable risk of harm and that giving such warning was necessary to prevent said dangerous property conditions from causing said severe bodily harm;

d.) Allowed the aforementioned dangerous premises to remain in an unmaintained and overgrown state for an unreasonable length of time, making the subject portions of the golf cart path area unfit and unsafe for passage via motorized golf cart for an unreasonable length of time;

e.) Created and/or caused said dangerous and excessive accumulation of thick, tall, dense and overgrown foliage or vegetation to develop and grow at the locations material hereto, rendering said golf cart path and surrounding area unsafe for passage via motorized golf cart for an unreasonable length of time;

f.) Maintained unsafe, hazardous, potholed and/or rutted golf cart paths not suitable for safe and direct traveling via motorized golf cart;

g.) Failed to perform and/or provide maintenance, inspection and removal services and/or duties in a safe and proper manner so as to avoid creating a dangerous and overgrown accumulation of vegetation or foliage in and around the golf cart path material hereto;

h.) Failed to inspect and/or properly maintain its golf cart path and surrounding areas so as to address, eliminate or otherwise correct the existence of unsafe potholes and/or ruts thereon;

i.) Allowed the aforementioned golf cart path areas on the premises to be, and to continue to be, in an unsafe, unstable, unsound, dangerous, overgrown, defective, unmaintained and hazardous condition of disrepair, unsuitable for foreseeable business invitees traversing through the premises using motorized golf carts provided and maintained by the defendant;

j.) Failed to keep the golf cart path on the 15th hole of the subject golf course premises in a safe and reasonably smooth and pothole/rut-free condition so as to allow the said path to be driven on safely by a motorized golf cart operator;

k.) Failed to keep the said golf cart path in a safely drivable condition for motorized golf carts so that operators would necessarily have to steer around the path's aforesaid potholes and ruts and thereby foreseeably move onto areas adjacent to and abutting the path where other foreseeably unsafe conditions (as described herein) would cause and then result in personal injuries to golf course customers and/or course business invitees;

l.) Having a golf cart path in an unsafe and undriveable condition as stated, thereby requiring operators to have to engage in evasive maneuvers and move to areas at, adjacent to or abutting the golf cart path which were also unsafe for motorized golf cart operation and travel;

m.) Failed to have its golf course personnel tend to, maintain and inspect the golf cart path and areas abutting and adjacent thereto so as to avoid unsafe conditions for safe motorized golf cart operation including potholes and ruts as well as overgrown vegetation obscuring dangerous conditions—all combining to create an unreasonable risk of foreseeable harm to golf course users and business invitees such as the plaintiff;

n.) Failed to fulfill its duties as a landowner to its business invitees;

o.) Allowed dangerous conditions to exist on its premises as stated;

p.) Failed to warn, advise or inform the plaintiff of the premises' dangerous conditions in an appropriate and timely fashion;

q.) Failed to exercise reasonable care and to take reasonable precautions as warranted by the circumstances and conditions then and there existing to prevent unsafe conditions and resultant personal injuries;

r.) Failed to take appropriate safety measures under the circumstances;

s.) Failed to have in place reasonable, reliable and safe maintenance and inspections practices with regard to its premises and the golf cart path and surrounding areas thereon and material thereto; and/or

t.) Failed to perform and/or provide foliage and vegetation treatment and removal in accordance with the custom and practice of the defendant's industry, resulting in dangerous accumulation of said foliage and vegetation at the location of the plaintiff's traumatic injuries.

33. The defendant named herein allowed dangerous, defective, unmaintained, uninspected and unsafe conditions to exist on its subject premises, specifically with regard to the relevant portions of the golf cart path and surrounding area and, as such, acted negligently and carelessly thereby breaching the duties of care it owed to the plaintiff as its foreseeable and anticipated business invitee.

34. As a direct and proximate result of the defendant's negligent acts and/or omissions as set forth above the plaintiff Virginia Burke sustained severe, permanent and disabling injuries including but not limited to:

- Broken left arm;
- Broken left radius;
- Broken left ulna bones;
- Broken left wrist;
- Multiple bone fractures;
- Compound fractures;

- Fractured and deformed left wrist;

- Hyperextension of left wrist;

- Dorsal deformity of distal left wrist;

- Subcutaneous emphysema;

- Puncture wounds over radial side of volar aspect of left wrist;

- Acute, open, comminuted and displaced dorsal and ulnar angulated overriding distal radial fractures and dislocation of radial, ulnar joint and proximal radial fracture fragments;

- Multiple open left upper extremity fractures principally at the arm area;

- Any and all additional bone fractures;

- Any and all additional compound fractures;

- Diffuse traumatic injuries to the nerves, muscles, tissues, discs, tendons, joints, fibers, bones and other parts of her body;

- Emotional distress and anxiety; and/or

- Such other injuries as are described/detailed/disclosed in the medical charts, medical records and/or medical reports of all physicians and medical care specialists/professionals who have been (or will be) identified or referred to as having provided or being involved in medical care, attention and/or assessment to/of the plaintiff Virginia Burke.

35. As a direct and proximate result of her injuries, the plaintiff has undergone extensive medical care and treatment including but not limited to medication, physical therapy, tests, examinations, diagnostic studies, orthopedic surgical intervention under general anesthesia, casting, wrist-splinting and the implantation of multiple screws and use of a distal radial locking plate.

36. Solely as a direct and proximate result of the defendant's foregoing negligent acts and/or omissions, the plaintiff Virginia Burke sustained and suffered serious, severe, disabling, permanent and agonizing injuries—both external and internal; both physical and mental—and was and will be far into the future hindered and prevented from attending to her usual duties and affairs of life, deprived of her

enjoyment of life's pleasures, unable to engage in her normal lifestyle, subjected to mental anguish, humiliation, emotional distress, discomfort, inconvenience and scarring and further forced to expend various sums of money for medical care and attention, diagnostic studies, medication, tests and examinations and other expenses to treat and combat the injuries and conditions listed herein, which will continue into the indefinite future, causing the plaintiff to suffer ongoing personal and financial stress and strife.

37. Furthermore, as a direct and proximate result of the defendant's foregoing careless and negligent acts and/or omissions, the plaintiff Virginia Burke suffered great pain and anguish—both physically and mentally—and will continue to suffer the same on an ongoing basis into the indefinite future.

38. The plaintiff has been forced to expend and will have to further expend large sums of money and significant amounts of time and effort as she endeavors to cope with, treat and alleviate the severe pain caused by the defendant's negligence which caused the plaintiff:

- Past, present and future pain and suffering;
- Past, present and future emotional distress;
- Past, present and future mental anguish;
- Past, present and future medical expenses;
- Past, present and future disfigurement;
- Past, present and future scarring; and/or
- Past, present and future loss of life's pleasures.

39. The plaintiff Virginia Burke is entitled to the full extent of the damages allowed by Pennsylvania law due to the injuries she sustained in the above-described golf cart collision which occurred as a consequence of the carelessness and negligence of the defendant, as stated.

WHEREFORE, the plaintiff Virginia Burke demands judgment against the defendant for an amount in excess of $75,000.00 in addition to interest, costs and any such other relief as the Court deems just and proper.

## COUNT TWO—LOSS OF CONSORTIUM FOR NEGLIGENCE

### Plaintiff Edward Burke v. Defendant Panorama, Inc.

40. The plaintiff Edward Burke incorporates by reference the allegations contained within the preceding paragraphs of this Complaint as if the same were set forth herein at length.

41. As a direct and proximate result of the careless and negligent acts and/or omissions of the defendant Panorama, Inc. as stated, the plaintiff Edward Burke as the husband of Virginia Burke has been deprived of the love, society, companionship, aid, assistance, comfort, contribution and/or consortium of his wife Virginia Burke, all to his great detriment and emotional loss, said detriment and consequent losses continuing indefinitely into the future and resulting in disruption of his daily enjoyments, life and activities.

WHEREFORE, the plaintiff Edward Burke demands judgment against the defendant for an amount in excess of $75,000.00 in addition to interest, costs and any such other relief as the Court deems just and proper.

Respectfully submitted,

**LENAHAN & DEMPSEY, P.C.**

/s/ John R. Lenahan, Jr.
**John R. Lenahan, Jr., Esquire**
**Counsel for Plaintiffs**